UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARKELL PIERRE,** | Civil Action No. 22-5611 (SDW-ESK) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **CITY OF ELIZABETH, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. On or about September 16, 2022, Plaintiff Markell Pierre, a pretrial detainee confined in the Essex County Correctional Facility, filed a pro se complaint raising civil rights claims of multiple instances of excessive force and conspiracy to commit civil rights violations. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 1-1), and requests appointment of pro bono counsel.

2. This Court granted Plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a) by Order dated September 20, 2022. (ECF No. 2).

3. Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2

6. The defendants named in the complaint are the City of Elizabeth, City of Elizabeth Police Department, Officer A. Gonzalez ("Officer Gonzalez"), Unknown Officers #1, #2, and #3, and Unknown Sergeant. Plaintiff alleges that he was with friends at Jefferson Park in Elizabeth, New Jersey around 5:00 p.m. on Saturday, September 19, 2019. They saw a police car intercept Plaintiff's cousin, Steve Dabel. The officers threw Dabel up against the hood of a car and began searching him. Plaintiff and his friends moved to get a better vantage point, and Plaintiff's brother began videorecording the incident with his cell phone.

Officer Gonzalez and Unknown Officer #1, a female plainclothes officer, approached Plaintiff and began yelling. The female officer tried to grab the cell phone, and Plaintiff's brother threw it to him, but it fell to the ground. Officer Gonzalez grabbed Plaintiff and slammed him to the ground before Plaintiff could catch the cell phone. Officer Gonzalez pulled Plaintiff's shoulder out of the joint and punched him in the head. Unknown Male Officers #2 and #3[1] jumped on top of Plaintiff and handcuffed him while stepping on his neck and back, making it difficult for Plaintiff to breathe. When several neighbors approached to intervene, the officers told them to "mind their own []ing business." Officer Gonzalez walked Plaintiff to the police car, where he smashed Plaintiff's head and shoulder into the side of the car and window. Plaintiff told the officers, including a late arriving sergeant, that he was struggling to breathe. Twenty minutes later, Plaintiff was brought to the police station, and then to a hospital, where he learned that he had a broken collarbone, head trauma and bruises over his body. Plaintiff was charged by complaint, but the Superior Court Judge, after watching a video of the arrest, dismissed the case.

---

[1] Plaintiff appears to have misnumbered the unknown officers by skipping #2 in the body of the complaint. This Court has renumbered the unknown male officers as numbers #2 and #3. Plaintiff also refers to additional unknown officers who are not numbered. Plaintiff may amend the complaint if clarification is required. Moreover, Plaintiff must ultimately identify all defendant officers by name in an amended complaint.

3

On or about May 18, 2020, Plaintiff, who is Haitian, was at the Haitian Day Parade in Elizabeth, New Jersey. He and his friends were standing outside a bodega when police cars surrounded them and nearly ran over Plaintiff. The officers jumped out of their cars and ordered everyone to put their hands up. An officer accused Plaintiff of being drunk and arrested him, despite Plaintiff's statement that he does not drink. The charges were dismissed after Plaintiff was locked up for twelve hours.

Around June or July 2020, Plaintiff was in his cousin's yard in Elizabeth, New Jersey. Officer Gonzalez and Unknown Officer #1 approached in their car and yelled at Plaintiff through their car window. The officers got out of the car, threw Plaintiff up against the car and searched him. Plaintiff was arrested, but the charges were dismissed.

On May 2, 2021, Plaintiff was arrested for allegedly possessing a firearm. At the Elizabeth Police Department, Plaintiff was painfully handcuffed in a "crucifix" position to a horizontal pole, and the officers laughed at him when he complained. An unknown sergeant entered the room and made a homosexual comment to Plaintiff. When Plaintiff responded, the sergeant punched Plaintiff in the jaw and side of the head. Another officer, who had been involved in the arrest, intervened by pointing to his active body-cam. There was also a camera in the corner of the room, but Plaintiff did not know whether it was recording. In sum, Plaintiff alleges that Officer Gonzalez and his coconspirators engaged in shakedowns and violence against Plaintiff from November 2019 through May 2021, in violation of his constitutional rights.

Because he seeks damages and injunctive relief, this Court will construe his §§ 1983, 1985, and 1986 claims against the defendants in their individual and official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining distinction between personal and official capacity claims under § 1983).

7. Plaintiff's § 1983 excessive force claims under the Fourth Amendment and Fourteenth Amendments may proceed against Officer A. Gonzalez, Unknown Officers #1, #2, #3 and Unknown Sergeant.

8. Plaintiff's § 1983 Fourth Amendment unreasonable search and false arrest claims against Officer Gonzalez and the yet to be identified officers who searched and arrested Plaintiff on September 19, 2019, May 18, 2020, and June or July 2020 may proceed.

9. To allege a conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29, 103 S. Ct. 3352, 77 L.Ed.2d 1049 (1983) (citing *Griffin* [*v. Breckenridge*], 403 U.S. [88,] 102–03 (1971)]).

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). "[A] § 1985(3) claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a § 1985(3) claim." *Id.* at 135 (quoting *Griffin*, 403 U.S. at 102.) Although Plaintiff alleged that he is of Haitian descent, he has not alleged that the defendants conspired to deprive him of his civil rights out of discriminatory animus towards Haitians. This claim will be dismissed without prejudice. Title 42, section "1986 is a companion to § 1985(3) and provides the claimant with a cause of action against any person who, knowing that a violation of § 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980). If a plaintiff fails to state a claim under § 1985(3), the § 1986 claim also fails. The § 1986 claim will be dismissed without prejudice.

10. Plaintiff seeks to initiate prosecution of hate crime claims against the defendants under 18 U.S.C. §§ 245, 247, 249. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Marrakush Soc. v. New Jersey State Police*, No. CIV A 09-2518(JBS), 2009 WL 2366132, at *32 (D.N.J. July 30, 2009) (quoting *Ellen v. Stamm*, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991) (emphasis supplied), *cert. denied*, *Montalvo v. Stamm*, 506 U.S. 1047 (1993) (additional citations omitted)).

11. The City of Elizabeth Police Department is not a separate legal entity from the City of Elizabeth for purposes of a civil rights claim. Therefore, the § 1983 claims against the City of Elizabeth Police Department will be dismissed with prejudice.

12. For Plaintiff's claims against the City of Elizabeth,

> [a] plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom. *Id.* at 690–91, 98 S. Ct. 2018. Liability is imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." *Colburn v. Upper Darby Twp.,* 946 F.2d 1017, 1027 (3d Cir.1991) (quoting *Polk Cnty. v. Dodson,* 454 U.S. 312, 326, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981)).

Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014). Plaintiff has not alleged that a policy or custom of the City of Elizabeth was the moving force behind the alleged excessive force by the police officer defendants. Therefore, the civil rights claims against the City of Elizabeth will be dismissed without prejudice.

13. Plaintiff seeks appointment of pro bono counsel, asserting that he is indigent, untrained in the law, and has asserted meritorious claims that can be handled more expeditiously by pro bono counsel. A plaintiff's ability to present his case is a significant factor to consider in determining

whether to appoint counsel. *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). Plaintiff has established his ability to present the factual and legal basis for his claims. Therefore, this Court will deny Plaintiff's request for appointment of pro bono counsel without prejudice. If Plaintiff's circumstances change, he may seek appointment of pro bono counsel.

14. In conclusion, this Court will proceed in part and dismiss in part the complaint. Plaintiff is granted leave to file an amended complaint, if he can cure the deficiencies in any claims that have been dismissed without prejudice.

An appropriate order follows.

Dated: October 27, 2022

                                      Hon. Susan D. Wigenton,
United States District Judge